IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-60 |
| | ) | |
| RICHARD R. BAUMGARTNER, | ) | (GREER / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion for Bill of Particulars [Doc. 25], filed on August 6, 2012. The parties appeared before the Court on August 27, 2012, for a motion hearing. Assistant United States Attorneys David Lewen, Jr., and Zachary Bolitho appeared on behalf of the Government. Attorneys Donald Bosch and Ann Short represented the Defendant, who was also present. The parties presented argument on the pending motion, which the Court took under advisement at the conclusion of the hearing.

Defendant Baumgartner is charged in a seven-count Indictment [Doc. 3] with misprision of a felony on or about June 2009, October 30, 2009, November 10, 2009, February 8, 2010, May 2010, August 27, 2010, and October 2010. The Indictment alleges that Deena Castleman and others participated in a conspiracy to obtain and distribute quantities of controlled substances of which the Defendant had actual knowledge. [Doc. 3, ¶1]. The Indictment states that from June

1

2009 through approximately October 2010, Deena Castleman had cases pending in Knox County Criminal Court, Anderson County Criminal Court, Knox County General Sessions Court, and Knox County Juvenile Court. [Doc. 3, ¶3]. The Indictment alleges that during these times, the Defendant concealed the conspiracy to distribute controlled substances by making material misrepresentations to a sitting Anderson County Criminal Court Judge (Counts 1 and 3), the staff at Mercy Medical Center (Count 2), a sitting Knox County General Sessions Court Judge (Count 4), the Transitional Housing Director of the YWCA (Count 5), a sitting Knox County Juvenile Court Magistrate (Count 6), and a Knox County Assistant District Attorney General (Count 7), and the Defendant failed to notify a judge or other person in civil or military authority under the United States about the conspiracy. [Doc. 3 at 2-6].

The Defendant requests a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f), enumerating eight items that he believes need to be clarified in order for him to be informed of the nature of the charges against him and provide an adequate defense. The Defendant asks that the Government be ordered to

> (1) disclose whether the Government contends that the Defendant was part of the conspiracy or acted as a co-conspirator;
>
> (2) describe, with regard to Count 1, the material misrepresentations that were made about Deena Castleman and how the material misrepresentations concealed the alleged conspiracy;
>
> (3) describe, with regard to Count 2, the material misrepresentations that were made about Deena Castleman, to whom they were made, and how the material misrepresentations concealed the alleged conspiracy;
>
> (4) describe, with regard to Count 3, the material misrepresentations that were made about Deena Castleman and how the material misrepresentations concealed the alleged conspiracy;

> (5) describe, with regard to Count 4, the material misrepresentations that were made about Deena Castleman and how the material misrepresentations concealed the alleged conspiracy;
>
> (6) describe, with regard to Count 5, the material misrepresentations that were made about Deena Castleman and how the material misrepresentations concealed the alleged conspiracy;
>
> (7) describe, with regard to Count 6, the material misrepresentations that were made about Deena Castleman and how the material misrepresentations concealed the alleged conspiracy; and
>
> (8) describe, with regard to Count 7, the material misrepresentations that were made about Deena Castleman and how the material misrepresentations concealed the alleged conspiracy.

The Government responds [Doc. 34] that the Indictment already provides the Defendant with sufficient notice for him to understand the charges. The Government contends that the Indictment identifies the nature of the concealment (i.e., material misrepresentations about Deena Castleman) in each of the seven counts and the person to whom the Defendant directed those misrepresentations. The Government argues that comparison of the details contained in each count in the Indictment with the discovery memorandum, which was provided to the Defendant on May 15, 2012, eliminates any ambiguity. Thus, the Government asserts that the Indictment fully informs the Defendant of the offenses with which he is charged, the nature of the concealment, and the identity of the person to whom the Defendant directed the concealment. The Government concludes that the Defendant is actually seeking to force the Government to lay out the exhaustive details of its entire case.

## ANALYSIS

"The indictment . . . must be a plain, concise, and definite written statement of the

essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landham, 251 F.3d at 1079.

Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars

4

with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

*(1) Co-conspirator*

The Defendant asks the Court to order the Government to disclose whether the Government alleges that the Defendant was part of a conspiracy or acted as a co-conspirator to obtain and distribute controlled substances. In the Government's Response to Defendant's Motion for Leave to File Additional Motions, the Government stated, "[I]t should be obvious to anyone reading the discovery in this case that [D]efendant did participate in the underlying drug trafficking conspiracy, albeit to a relatively limited extent." [Doc. 44 at 2]. In addition, at the August 27 hearing, the Government stated that it alleges that the Defendant took part in the conspiracy, although he was not charged with conspiracy. Accordingly, the Court finds that the Government has provided the particularization requested.

*(2) Material Misrepresentations*

In seven of his eight requests, the Defendant seeks additional information about which statements constitute the material misrepresentations about Deena Castleman, to whom they were made, and how the material misrepresentations concealed the conspiracy. At the August 27 hearing, the Defendant argued that he would not be able to provide an adequate defense or prepare the appropriate pretrial motions without knowing the exact material misrepresentations. He stated that the discovery provided by the Government contained numerous statements and that the

Defendant could not identify which are the alleged material misrepresentations. In response to the Court's questions, the Defendant agreed that in some respects, he was seeking the Government attorneys' mental impressions with regard to how they plan to use the material misrepresentations to prove concealment.

The Government responded that given the information in the Indictment, no bill of particulars is justified. It argued that the Defendant has all the evidence that it would rely on during trial and is trying to force the Government to do defense counsel's job. Defense counsel responded that it was true that they had been given "a lot of discovery" but argued it was unreasonable to believe that the Defendant will be able to sift through all the evidence and know what exact statements the Government will use at trial to prove concealment.

The Court agrees with the Government that the purpose of a bill of particulars is not for the Defendant to learn the Government's theory of the case or all of the Government's evidence. Instead, the purpose of a bill of particulars is to permit the Defendant to understand the charges. In this case, the Court finds that the allegations in the Indictment specify to whom and the dates when the material misrepresentations were made. At the August 27 hearing, the Government stated that the Defendant has received in discovery all the statements including all of the alleged "material misrepresentations" that it will use at trial. Having all the statements, the Defendant ought to be able to discern from the Indictment and the discovery what material misrepresentations were made about Deena Castleman and adequately prepare a defense. That Defendant does not agree the statements constitute misrepresentations does not change the Court's analysis. In addition, how the Government plans to use the material misrepresentations to show concealment is the mental impressions of the prosecutors and an improper basis for a bill of particulars.

6

The Court concludes that no further particularization of the material misrepresentations or how the Government plans to use them to prove concealment is necessary.

## CONCLUSION

The Court finds that the Indictment is sufficiently detailed to give the Defendant notice of the charges he is facing, to prevent unfair surprise at trial, and to prevent the Defendant from twice being placed in jeopardy for these offenses. Accordingly, the Defendant's Motion for Bill of Particulars [**Doc. 25**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge