IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-CR-60 |
| v. | ) | |
| | ) | (GREER / SHIRLEY) |
| RICHARD R. BAUMGARTNER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 27, 2012, for a motion hearing on the Defendant's pending pretrial motions, including three motions to suppress evidence: Motion to Suppress Evidence and Data Obtained from the Warrantless Installation of GPS Tracking Device and Request for Evidentiary Hearing [Doc. 30], Motion to Suppress Photograph of Defendant's Vehicle and Evidence Obtained from a Warrantless Search of the City-County Parking Garage Where Defendant had a Reasonable Expectation of Privacy and Request for Evidentiary Hearing [Doc. 31], and Motion to Suppress Defendant's Medical Records and Information Obtained from Defendant's Medical Providers and Request for Evidentiary Hearing [Doc. 32], all filed on August 6, 2012. Assistant United States Attorneys David P. Lewen and Zachary C. Bolitho appeared on behalf of the Government. Attorneys Donald A. Bosch and Ann C. Short represented the Defendant, who was also present. After hearing the parties' arguments, the Court took the matter under advisement.

1

## I. POSITIONS OF THE PARTIES

In these motions, the Defendant asks the Court to suppress all evidence obtained from a GPS tracking device installed on his car, a photograph of his car, and medical records or data obtained from his medical providers[1] because he contends that the Government gained this evidence in violation of his Fourth Amendment right to be free of warrantless searches. In each of his motions, the Defendant states that the Government has agreed not to use the evidence in question in its case-in-chief at trial. He moves the Court to conduct an evidentiary hearing anyway to determine whether the evidence is "constitutionally admissible under the Fourth Amendment" in the event that the Government attempts to use the evidence in rebuttal.

The Government responds [Doc. 37] that the motions to suppress are moot and that no evidentiary hearing is necessary, because it will not use any of the evidence in question in its case-in-chief. It argues that "[d]etermining the use and scope of rebuttal evidence lies within the broad discretion of the district court." United States v. Levy, 904 F.2d 1026, 1031 (6th Cir. 1990). The Government contends that although the admissibility and scope of any rebuttal evidence is best determined by the District Judge at trial, rebuttal evidence is generally not subject to the exclusionary rule. Accordingly, the Government asserts that the question of the admissibility of the evidence in question in rebuttal cannot be answered before trial.

In his Notice [Doc. 42] of intent to present argument on his pending motions, the Defendant replies that if the Government does not intend to offer the evidence that is the subject of

---

[1]The Defendant also seeks suppression of his medical records based upon alleged violations of state and federal laws and regulations. See The Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§ 1320d et seq.; Tenn. Code Ann §§ 38-6-102 & 40-17-123. The Government responds that neither HIPAA nor the cited Tennessee statutes carry a suppression remedy.

2

his suppression motions at any time during trial, then he would agree that his suppression motions are moot and require no hearing. On the other hand, if this is not the Government's intention, a hearing on the suppression motions is necessary to clarify if and when the evidence can be used.

At the August 27 hearing, defense counsel argued that some unconstitutionally gained evidence cannot be used for any purpose, including impeachment or rebuttal. However, he could provide no support for this contention other than arguing that one example of this type of evidence was the statement of a terrorist suspect gained through torture of the suspect. Defense counsel agreed there was no evidence that the actions of the officers in collecting the instant GPS data, the photograph of his car, and his medical records and data rose to the grave level of misconduct demonstrated in the case of torture. Attorney Bosch also conceded that suppressible evidence can be used to impeach the testimony of a defendant on "almost all occasions." AUSA Lewen told the Court that the Government would not use the GPS data, the photograph of the Defendant's car, or the Defendant's medical records in its case-in-chief. He affirmed that the Government would only use this evidence to impeach the Defendant's own testimony, if appropriate.

## II. ANALYSIS

The Fourth Amendment protects the right to be free from unreasonable searches and seizures. The Defendant calls for the suppression of data from a GPS tracking device installed on his car, a photograph of his car, and his medical records and medical data, contending these items were seized in violation of the Fourth Amendment. The Government argues that it will not use this evidence in its case-in-chief and will *only* use it to impeach the testimony of the Defendant, should he choose to testify and the use of the evidence is otherwise appropriate. Accordingly, the Court

3

concludes that no evidentiary hearing is necessary. Because the Government does not intend to use these items as substantive evidence of the Defendant's guilt, the Court offers no opinion on the merits of the Defendant's argument that the evidence was gained in violation of the Fourth Amendment. Instead, assuming that the evidence was unconstitutionally obtained, the Court will examine whether evidence that has been suppressed can be used to impeach a testifying defendant. The applicable case law answers this question with a clear "yes."

Not every Fourth Amendment violation results in the exclusion of the evidence obtained. See Herring v. United States, 129 S. Ct. 695, 700 (2009). Exclusion of evidence is "a judicially created rule . . . 'designed to safeguard Fourth Amendment rights generally through its deterrent effect.'" Id. at 699 (quoting United States v. Calandra, 414 U.S. 338, 348 (1974)). The exclusionary rule applies only where "its remedial objectives are thought most efficaciously served," Arizona v. Evans, 514 U.S. 1, 11 (1995), and where it "results in appreciable deterrence." Herring, 129 S. Ct. at 700 (quoting United States v. Leon, 468 U.S. 897, 909 (1984)) (internal quotation marks omitted).

Accordingly, the Supreme Court has held that based upon "the importance of arriving at the truth in criminal trials, as well as the defendant's obligation to speak the truth in response to proper questions[,] . . . the defendant's constitutional shield against having illegally seized evidence used against him [cannot] be 'perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.'" United States v. Havens, 446 U.S. 620, 626 (1980) (quoting Harris v. New York, 401 U.S. 222, 226 (1971)). In such cases, "the deterrent function of the rules excluding unconstitutionally obtained evidence is sufficiently served by denying its use to the government on its direct case." Id.; see also Leon, 468 U.S. at 911 (observing that

4

"[t]he perception underlying these decisions–that the connection between police misconduct and evidence of crime may be sufficiently attenuated to permit the use of that evidence at trial–is a product of considerations relating to the exclusionary rule and the constitutional principles it is designed to protect.)"

The Supreme Court has applied this holding to evidence gained from an illegal search: "[A] defendant's statements made in response to proper cross-examination reasonably suggested by the defendant's direct examination are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained and that is inadmissible on the government's direct case, or otherwise, as substantive evidence of guilt." Id. at 628-29 (upholding the defendant's impeachment by the introduction of a t-shirt seized in the illegal, warrantless search of the defendant's suitcase). In James v. Illinois, the Supreme Court expressly limited the use of unconstitutionally obtained evidence to the impeachment of the defendant him- or herself and did not extend its use to the impeachment of other defense witnesses. 493 U.S. 307, 313-14 (1990). Thus, in this case, the use of such evidence is limited to impeachment of the Defendant himself, if he testifies, regarding his testimony on direct examination and in some instances his testimony on cross-examinaiton.

The Court of Appeals for the Sixth Circuit also permits the use of unconstitutionally obtained evidence to impeach a defendant's testimony: "[T]he Supreme Court has made clear that evidence suppressed because it is the product of an illegal search and seizure can be introduced to impeach the testimony of the defendant[.]" Bobo v. United States, No. 91-6333, 1992 WL 64733, *1 (6th Cir. Apr. 1, 1992); see also United States v. Bickett, Nos. 90-5710 to -5712, 90-5726, 90-5760, & 90-5783, 1991 WL 175285 (6th Cir. Sept. 10, 1991); United States v. Seta, 669 F.2d 400,

403-04 (6th Cir. 1982) (quoting <u>Havens</u> and observing that the trial court limited the potential prejudice from the evidence by instructing the jury on its purpose).

Finally, at the hearing, the Defendant argued that some illegally obtained evidence may be gained through such grave misconduct on the part of law enforcement that it cannot be used for any purpose, including to impeach a defendant's testimony. Nevertheless, defense counsel acknowledged and the Court finds that the instant evidence was not of that ilk. Accordingly, the Court concludes that even if it were to find that law enforcement obtained the instant GPS data, the photograph of the Defendant's car, and the Defendant's medical records and medical data in violation of the Defendant's Fourth Amendment rights, this evidence could still be used, but only to impeach the testimony of the Defendant.

### III. CONCLUSION

After carefully considering the motions, consolidated response, notice, and oral arguments and after reviewing the relevant legal authorities, the Court finds that evidence gained in violation of the Fourth Amendment may be used to impeach the Defendant's testimony. Further, the Court also finds that the Government has agreed that it will only use the GPS data, the photograph of the Defendant's car, and the Defendant's medical records and medical data at issue in these motions to impeach the Defendant's testimony, if otherwise appropriate. Accordingly, the Court **RECOMMENDS** that the Defendant's suppression motions [**Docs. 30, 31, and 32**] be **DENIED as moot**.[2]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).