UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
)
v. ) NO.: 3:12-CR-60
)
RICHARD R. BAUMGARTNER )

ORDER

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated September 26, 2012. In that Report and Recommendation, the Magistrate Judge recommends that the defendant's motions to dismiss, [Docs. 17, 19, 21, and 23], be denied. The defendant has filed objections to this recommendation, [Doc. 86], and the United States has filed a Response, [Doc. 105]. After careful *de novo* consideration of the record as a whole, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby ORDERED that the defendant's objections are OVERRULED, that this Report and Recommendation is ADOPTED and APPROVED, [Doc. 71], and that the motions to dismiss are DENIED, [Docs. 17, 19, 21, and 23].

To be sure, the Court will elaborate on the magistrate judge's reasoning in relation to the "Motion to Dismiss Counts 1 through 7 for Failure to Allege an Offense," [Doc. 17]. The defendant moved to dismiss all Counts because "[w]hen concealment, for the purposes of 18 U.S.C. § 4, consists of untruthful verbal statements, those statements must be communicated to a

**federal** authority figure." [Doc. 17, ¶ 9]. Here, it is undisputed that the verbal concealments alleged were not made to federal authorities, but to state authorities or private citizens. The United States responded, [Doc. 33], that it not only alleged all elements of the offense, but it also alleged more than necessary. Moreover, the United States argues that the statute does not require that the verbal concealment be directed toward a federal authority. [Doc. 33]. In the defendant's Reply, [Doc. 52], he raises constitutional concerns and argues that Title 18 United States Code section 4, as applied in this case, "would survive a Commerce Clause challenge [only] if verbal acts of concealment alleged were directed at **federal authorities**." [Doc. 52, Pg. 15]. The United States did not have the opportunity to address the issue in writing. However, the issue came up before the magistrate judge during his August 27, 2012 hearing, and the magistrate judge addressed the issue in his Report and Recommendation, [Doc. 71, Pgs. 7-9].

First, the magistrate judge was correct in concluding that the Indictment sufficiently pleads all elements of misprision of a felony, for it is not necessary that the act of concealment, i.e. the verbal misrepresentation, be made to a **federal** authority. This was the original issue raised by the defendant, and the magistrate judge thoroughly and correctly analyzed the issue. This original issue may be decided quite easily. The magistrate judge correctly found that the plain language of the statute itself does not require that the concealment be directed to a federal authority. As such, all Counts in the Indictment sufficiently set forth the elements of the offense, fairly inform the defendant of the charges he must defend, and allow him to plead "an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Moreover, the Counts in the Indictment state more details than would actually be necessary, as the United States has argued. These Counts inform the defendant of the specific offenses he allegedly has committed. *Id*. Frankly, the Counts state an offense.

Second, the Commerce Clause analysis is a more difficult issue. The defendant raises interesting arguments in this regard. Nonetheless, these arguments are to no avail. To review, the defendant argues that the only way the statute, as applied to him, is constitutional is if the verbal misrepresentations, the alleged acts of concealment, were made to **federal** authorities. Otherwise, it is unconstitutional because there is no federal nexus. In other words, if the concealment is not made to a federal authority, then interstate commerce is not substantially affected. Accordingly, the defendant argues that as applied, the statute exceeds Congress' powers under the Commerce Clause.[1]

Even though the defendant cites numerous cases in support of his position, no case is directly on point. There is no authority, either in the case law, statute, or legislative history, that stands for the proposition that when the act of concealment is a verbal misrepresentation, the misrepresentation must be made to a federal authority to pass constitutional muster. The magistrate judge was correct, however, in that the statute, as applied, would be constitutional, for the federal nexus is established by the statute's requirement that the underlying felony be a federal felony and that the defendant concealed that federal felony. The type of concealment and from whom the concealment is accomplished is actually irrelevant. The important fact is that the concealment occurred. For example, this Court sees no significant difference between the concealing act of destroying drugs involved in an underlying federal drug crime or making a false verbal misrepresentation concealing a federal drug crime. What is significant in both situations is that the federal nexus exists.

---

[1] Of course, the entire argument is premised upon the assumption that the misprision statute was enacted pursuant to this enumerated power and no other. The magistrate judge found that Congress enacted the statute pursuant to the Necessary and Proper Clause. This Court will not address that issue, for assuming, *arguendo*, that it was enacted pursuant to the Commerce Clause, it is still constitutional as applied.

3

This Court recognizes the defendant's unease with the issue, especially when the verbal misrepresentation is to a purely private citizen. This Court finds the case of *United States v. Walkes*, 410 F. App'x 800 (5th Cir. 2011), which the magistrate judge cited, instructive on the issue. It is true that the case does not specifically address the Commerce Clause argument; however, the facts involve a verbal misrepresentation to a private citizen as to the concealment element. In *Walkes*, the defendant concealed health care fraud from clinic employees by falsely assuring them that the clinic had complied with Medicare and Medicaid regulations. *Id*. at 803-04. The defendant argued that the factual basis in his plea agreement was insufficient to establish his knowledge and concealment of a felony. The Fifth Circuit Court of Appeals found that the factual basis was sufficient to establish the elements of misprision. *Id*. at 804.

The defendant in *Walkes*, by concealing the noncompliance with Medicare and Medicaid regulations, enabled the continued commission of a federal felony and prevented such criminal behavior from being reported to authorities by the private employees. Similarly, the defendant's alleged misrepresentations to private citizens (or even to state authorities) may have enabled the further commission. Furthermore, the misrepresentations may have helped prevent authorities from stopping the commission of a federal crime and from catching or punishing those involved in such commission. The key, which this Court is certain will be explored at trial, is whether the alleged verbal misrepresentations **actually concealed** a federal felony. This is a matter to be decided after the presentation of evidence and will more than likely be the subject of a Rule 29 motion. *See* Fed. R. Crim. P. 29.

Nonetheless, this Court holds that the magistrate judge correctly decided the Commerce Clause issue. For the reasons stated in the Report and Recommendation, and for the additional

4

reasons set for above, the defendant's motion to dismiss for failure to state an offense because the statute is unconstitutional as applied is DENIED.

So Ordered.

ENTER:

5

Case 3:12-cr-00060-JRG-CCS   Document 117   Filed 10/15/12   Page 5 of 5   PageID #: 848